**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA**

      **Plaintiff,**

**v.**                                        **Case No. 04-20139-JWL**

**JASON A. TREMBLE,**

      **Defendant.**

**MEMORANDUM AND ORDER**

**I.    Background**

On October 31, 2003, the defendant, Jason Tremble, pled guilty in state court to a variety of charges stemming from events that occurred in Lawrence, Kansas, in early October of 2003. Mr. Tremble ultimately was sentenced to a total of 74 months in state prison. On October 13, 2004, the indictment in this case was filed, charging Mr Tremble with one count of being a felon in possession based on the same facts that gave rise to the state court proceedings in 2003. On October 14, 2004, a warrant for Mr. Tremble's arrest was issued. However, Mr. Tremble did not learn of this pending federal charge until June 27, 2006, almost 21 months after the indictment was filed. In a letter dated July 5, 2006 to the U.S. Attorney's office in Kansas City, Kansas, Mr. Tremble indicated his desire to resolve the pending federal warrant and indictment.

This matter is currently before the court on Mr. Tremble's motion to dismiss the indictment due to an alleged violation of his Sixth Amendment right to a speedy trial (doc. 21). On November 21, 2006, a hearing was held on this motion. After thoroughly considering the parties' arguments and the facts, the court denies the motion to dismiss because Mr. Tremble has failed to sufficiently demonstrate prejudice.

## II.      Analysis

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to a "speedy and public trial." U.S. Const. amend. VI. The Supreme Court has held that when determining whether a delay violates a defendant's right to a speedy trial, the court must balance four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "None of the factors is, by itself, 'a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.'" *U.S. v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006)(quoting *Barker*, 407 U.S. at 530). "Instead, we consider these factors together with any other relevant circumstances." *Id.*

### A.      *Length of Delay*

The first factor, length of delay, is the threshold inquiry; the other *Barker* factors are only considered if a delay is long enough to be presumptively prejudicial. *Id.* (citing *Barker*, 407 U.S. at 530; *Doggett v. United States*, 505 U.S. 647, 651-52 (1992)). A delay approaching one year generally satisfies the requirement of presumptive prejudice. *See Jackson v. Ray*, 390 F.3d 1254, 1261 (10th Cir. 2004)(citing *Doggett*, 505 U.S. at 652 n.1). The delay is measured from the time

the speedy trial right attaches, which is the earlier of either arrest or indictment. *Id.* (citing *United States v. Marion*, 404 U.S. 307, 320-21 (1971)). In this case, the delay between the date Mr. Tremble was indicted on October 14, 2004, and the date on which he found out about the indictment resulted in a presumptively prejudicial delay of approximately 21 months.

Once the defendant establishes that the length of delay is presumptively prejudicial, the court examines "'the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim,' as well as the remaining factors." *Batie*, 433 F.3d at 1290 (quoting *Doggett*, 505 U.S. at 652). Less delay is tolerated for ordinary street crimes and more delay is tolerated for complex charges. *Id.* (citing *Barker*, 407 U.S. at 531). In this case, the indictment charges Mr. Tremble with being a convicted felon in possession of a firearm, a fairly straightforward charge which would not have required 21 months of preparation by the government even if that had been the justification for the delay. *See id.* at 1290-91 (government taking over 17 months to prepare for armed bank robbery weighs in favor of the defendant). Accordingly, this factor weighs in favor of Mr. Tremble.

B.      *Reason for Delay*

The second factor, reason for the delay, requires an examination of which party caused the delay. *Batie*, 433 F.3d at 1291. This factor weighs heavily against the government if it deliberately caused the delay to secure an improper advantage. *Id.* (citing *Barker*, 407 U.S. at 531). Negligence and crowded court dockets, however, will weigh less heavily against the government. *Id.* In this case, the facts indicate that the delay was caused by the government's negligence and busy schedule. However, there is no evidence that the government caused the

delay to gain an improper advantage.  Accordingly, this factor weighs against the government, although not "heavily."

*C.     Assertion of Right*

The third factor is whether the defendant has actively asserted his right to a speedy trial. Here, Mr. Tremble argues that he immediately sought a speedy resolution of the case as soon as he found out about the pending indictment on June 27, 2006.  Nothing in the facts indicates action by the defendant inconsistent with an assertion of his right to a speedy trial.  *See Jackson v. Ray*, 390 F.3d 1254, 1263 (10th Cir. 2004)("We will not fault a defendant, however, for failing to assert his speedy trial right before learning of the pending information or indictment against him.") (citing *Doggett*, 505 U.S. at 564).  Accordingly, this factor weighs in favor of Mr. Tremble.

*D.     Prejudice to Defense*

The fourth factor involves the prejudice to the defendant in light of the delay.  In cases of extreme delay, criminal defendants may rely on the presumption of prejudice created by the delay, and no presentment of specific evidence of prejudice is necessary.  *Jackson*, 390 F.3d at 1263 (citing *Doggett*, 505 U.S. at 655).  In *Doggett*, which involved a delay of six years attributable to the government, the Supreme Court excused the defendant from making a particularized showing of prejudice.  *Doggett*, 505 U.S. at 657.  This case, however, involves a delay of 21 months, far less than the six year delay faced in *Doggett*.  Accordingly, the court finds Mr. Tremble must make a particularized showing of prejudice.  *See Jackson*, 390 F.3d at 1264.

4

Whether Mr. Tremble has made a particularized showing of prejudice is assessed in light of the particular interests the speedy trial right purports to protect: (1) prevention of pretrial incarceration; (2) anxiety and concern of the accused; and (3) impairment of the defense due to delay. *Id.* (citing *Barker*, 407 U.S. at 532). "The burden of showing all types of prejudice lies with the individual claiming the violation and the mere 'possibility of prejudice is not sufficient to support [the] position that . . . speedy trial rights [are] violated.'" *Id.* (citing *United States v. Loud Hawk*, 474 U.S. 302, 315 (1986)). Furthermore, although a showing of prejudice may not be absolutely necessary to find a Sixth Amendment violation, the Tenth Circuit has stated "in the absence of prejudice, we have great reluctance to dismiss an indictment for prosecutorial delay." *U.S. v. Martinez*, 776 F.2d 1481, 1483 (10th Cir. 1985).

The first consideration when evaluating prejudice is prevention of pretrial incarceration. In this case, however, Mr. Tremble has been incarcerated in state prison on related charges since the time the indictment was filed, making it difficult for the court to find prejudice based on pretrial incarceration.

Mr. Tremble points to a 1969 Supreme Court decision in support of his argument that the court should not discount this consideration simply due to Mr. Tremble's incarceration. *Smith v. Hooey*, 393 U.S. 374, 378 (1969)("[T]he fact is that delay in bringing [an already incarcerated individual] to trial on a pending charge may ultimately result in as much oppression as is suffered by one who is jailed without bail upon an untried charge."). That case involved the filing of state charges against an individual serving time in federal prison. *Id.* Despite repeated requests from the individual that he be brought to trial on the state charges, six years passed

without any action by the state. *Id.* The Court discussed the effect the delay would have on

sentencing, noting that a defendant already in prison may lose the opportunity to receive a

concurrent sentence due to a delay in prosecution of pending charges. *Id.* In light of the *Smith*

opinion, the court recognizes that Mr. Tremble may have a litany of issues to raise at the

sentencing phase of this proceeding based on the delay. The court is not persuaded, however,

that those issues should be dealt with by simply dismissing the indictment. Accordingly, the

court concludes that this consideration is mitigated by virtue of Mr. Tremble being incarcerated

on the state charges.

Another consideration is the anxiety and concern of the accused. Mr. Tremble testified

at the hearing that since learning of this federal indictment, he has suffered headaches,

numbness, high blood pressure and muscle spasms. However, no medical expert testified at the

hearing regarding these symptoms. The court recognizes that learning of a pending federal

charge which may result in a lengthier sentence would certainly cause one to experience anxiety

and concern. However, Mr. Tremble has failed to persuade the court that he has suffered "any

special harm . . . which distinguishes his case from that of any other arrestee awaiting trial."

*United States v. Dirden*, 38 F.3d 1131, 1138 (10th Cir. 1994).

The final consideration, impairment of the defense, is the most important. *Jackson*, 390

F.3d at 1264. At the hearing, Mr. Tremble argued that because of the delay, the defense would

be impaired because many witnesses had moved and it would take longer to track them down.

In arguing that the unavailability of witnesses has impaired the defense, a defendant must "state

with particularity what exculpatory testimony would have been offered." *United States v.*

6

*Tranakos*, 911 F.2d 1422, 1429 (10th Cir. 1990).  Furthermore, a defendant must also present evidence that the delay caused the witness' unavailability. *Gutierrez v. Moriarty*, 922 F.2d 1464, 1472 (10th Cir. 1991).

In this case, Mr. Tremble has not offered any evidence of particular witnesses who are unavailable due to the delay. At the hearing, an investigator employed by Mr. Tremble's attorney's office testified that it would be difficult to locate witnesses because so much time had passed.  However, the investigator also introduced a list of witnesses with updated addresses and contact information.  Although it may have been more difficult to locate contact information for the witnesses, it is apparent to the court that much of the contact information was in fact located. Furthermore, Mr. Tremble has failed to present any specific exculpatory testimony that would have been offered if not for the delay.

The biggest obstacle preventing Mr. Tremble from persuasively arguing that his defense has been impaired is the fact that at the state court proceeding, he pled guilty to a charge identical to the one in this case, based on the same events giving rise to the indictment in this case. Accordingly, the court concludes Mr. Tremble has failed to make a particularized showing that his defense has been impaired in this case.

Mr. Tremble also argues he has been prejudiced because the indictment in this case has disrupted his progress in InnerChange, a faith based freedom initiative program offered at the Ellsworth Correctional Facility, where he is currently incarcerated.  Mr. Tremble had completed phases one and two of the voluntary program, but states he was unable to proceed to phase three because of the pending charge in this case.  Phase three of the program involves placing an

7

inmate in a halfway house.  At the time of the hearing, however, Mr. Tremble still had approximately two years to serve on his sentence.  Mr. Tremble testified that his unit team manager had assured him that, but for the pending federal charge, he was eligible to be placed in a halfway house.  The court is not convinced of this, however, in light of the length of Mr. Tremble's remaining sentence and the fact that no other evidence supporting Mr. Tremble's assertion was presented.  Therefore, the court concludes that the remaining two years on his sentence, not the indictment in this case, prevented Mr. Tremble from proceeding to phase three of the program.

The court appreciates that Mr. Tremble's progress in the program will be delayed even further if the eventual disposition of this case results in a prison sentence.  However, Mr. Tremble has presented no authority supporting his argument that prejudice caused by a delay in his completion of a non-mandatory prison program should lead to dismissal of the indictment.

## III.    Conclusion

To summarize, the delay was insufficient to be presumptively prejudicial, there was no intentional misconduct by the government, and Mr. Tremble did assert his right to a speedy trial. As stated earlier, however, the Tenth Circuit has expressed its reluctance to dismiss an indictment for a speedy trial right violation when prejudice is not shown.  *Martinez*, 776 F.2d at 1483.  Accordingly, although the first three *Barker* factors weigh in favor of Mr. Tremble, the court declines to grant his motion because he has failed to make a particularized showing of prejudice sufficient to justify dismissing the indictment.

8

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to dismiss the

indictment (doc. 21) is denied.


       **IT IS SO ORDERED.**

Dated this 19th day of December, 2006.

                                s/ John W. Lungstrum
                                John W. Lungstrum
                                United States District Judge